[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10708
Non-Argument Calendar
_____

Agency No. A096-082-435

ANTONIO SEGUNDO OLIVEROS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 14, 2012)

Before TJOFLAT, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Antonio Segundo Oliveros, a native and citizen of Venezuela, seeks review of the Board of Immigration Appeals' ("BIA") denial of his December 2010 motion to reopen removal proceedings after it concluded that it did not have jurisdiction to consider the motion pursuant to 8 C.F.R. § 1003.2(d) - the regulatory post-departure bar.  Pursuant to a removal order, Oliveros was removed from the United States in January 2007.  Later that year, he illegally reentered the United States.  Oliveros now argues that: (1) the BIA abused its discretion in denying his motion to reopen due to a lack of jurisdiction because the regulatory post-departure bar improperly contracts the BIA's statutory jurisdiction to consider motions to reopen and contravenes the Immigration and Nationality Act ("INA"); and (2) the BIA's denial of his motion to reopen violated the 1951 United Nations Convention Relating to the Status of Refugees ("UN Convention"), and the 1967 United Nations Protocol Relating to the Status of Refugees ("UN Protocol").

## I.  Regulatory Post-Departure Bar

We review the BIA's denial of a motion to reopen for an abuse of discretion, and any underlying legal determinations *de novo*.  *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007).  Review of the denial of a motion to reopen is limited to determining whether there has been an exercise of administrative

2

discretion and whether that exercise was arbitrary or capricious.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

If an alien reenters the United States illegally after having been removed pursuant to a removal order, the removal order is reinstated from its original date and is not subject to being reopened.  INA § 241(a)(5), 8 U.S.C. § 1231(a)(5)[1]; *See De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1279-81 (11th Cir. 2006).  In De Sandoval, we noted that § 1231(a)(5) applies to all aliens who reenter illegally.  *Id.* at 1279.  We upheld the Attorney General's authority in promulgating 8 C.F.R. § 241.8, which provides that an alien who reenters illegally has no right to a hearing before an immigration judge and delegates the determination of removability to an immigration officer.  *Id.* at 1280-81.

Because the INA and its interpreting regulations deprives the BIA of authority to reopen removal proceedings where an alien has illegally reentered the United States after being removed under a removal order, the BIA's conclusion

---

[1]    Section 1231(a)(5) provides:

Reinstatement of removal orders against aliens illegally reentering

If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

3

that it lacked jurisdiction to consider Oliveros' motion to reopen was mandated by statute. Accordingly, its denial of Oliveros' motion to reopen did not improperly contract its statutorily conferred jurisdiction to consider motions to reopen or contravene the INA, and it did not abuse its discretion when it denied the motion. We, therefore, deny this claim.

## II. UN Convention and UN Protocol

We review our subject matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We do not have jurisdiction to consider any claims that an alien has not first presented to the BIA. *Id*. Because Oliveros failed to raise his UN Convention and UN Protocol claim before the BIA, we do not have jurisdiction to consider it. Accordingly, we dismiss this claim.

After careful and thorough review of the administrative record and the parties' briefs, we deny Oliveros' petition for review in part, and dismiss it in part.

**PETITION DENIED, IN PART, AND DISMISSED IN PART.**

4